**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-50501
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JERRY WAYNE SALLAS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western Division of Texas

(A-96-CR-9)

October 20, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerry Wayne Sallas pleaded guilty to the charge of possession of a firearm by a felon in violation of 18 U.S.C. §922(g)(1). The district court sentenced him to 96 months imprisonment, three years of supervised release, a $50,000 special assessment, and a $5,000 fine. Sallas appeals.

First, Sallas maintains that the district court erred in denying him a three-level decrease in sentencing level for acceptance of responsibility under U.S.S.G. § 3E1.1. Our review of this decision by the district court is highly deferential because the court's determination requires an assessment of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credibility.[2]  After reviewing the evidence presented to the district court at sentencing, we conclude that the district court did not err.  Although Sallas admitted possessing two firearms, he denied owning four additional guns that were seized.  Furthermore, Sallas wrote letters and made several statements to family members indicating that Debra Sallas, his wife, was responsible for his problems. He even threatened to kill her.  This conduct shows that Sallas has not accepted responsibility for his actions.

Sallas also argues that the district court erred by departing upward from the sentencing guidelines under U.S.S.G. § 4A1.3(e).  We review the district court's decision to grant an upward departure for abuse of discretion.[3]  Because there is ample evidence to show that Sallas's Criminal History Category underrepresents the seriousness of his previous criminal conduct and the likelihood that he will commit future crimes,[4] we find that the district court did not err by granting an upward departure.

The judgment is AFFIRMED.

---

[2]  *United States v. Bermea*, 30 F.3d 1539, 1577 (5th Cir.1994); *United States v. Rodriguez*, 942 F.2d 899, 902-3 (5th Cir. 1991).

[3]  *Koon v. United States*, 116 S.Ct. 2035, 2045 (1996).

[4]  U.S.S.G. § 4A1.3(e); *United States v. Ashburn*, 38 F.3d 803, 808-10 (5th Cir. 1994) (en banc).